UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Civ-60907-COOKE

AURORA LOAN SERVICES, LLC,

    Plaintiff

vs.

AMUNHOTEP EL-BEY f/k/a
EUGENE JAMES WILLIAMS, and
DONNA HICKENBOTTOM,

    Defendants.

_____/

## ORDER DISMISSING CASE

THIS MATTER is before me upon Amunhotep El-Bey ("El-Bey"), formerly known as Eugene James Williams', Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3). On April 25, 2016, El-Bey filed a Notice of Removal to United States District Court, Southern District of Florida (ECF No. 1) purporting to remove a foreclosure action involving Aurora Loan Services, LLC and Donna Hickenbottom from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (Case No. CACE11000769). In his Notice of Removal, El-Bey indicates that Ms. Hickenbottom's property was foreclosed upon and that he seeks to "enter this case as a defendant" because he has a lease agreement involving the foreclosed upon property. Notice Removal 3. However it appears as though El-Bey is asserting his own claims separate and apart from the state court action and is thus actually the plaintiff in this matter and not the defendant, as the style of his pleading indicates.

El-Bey is currently a detainee confined at the Paul Rein Detention Facility in Fort Lauderdale, Florida. In his Notice of Removal, which I am construing as his Complaint, El-Bey appears to allege that the foreclosure of Ms. Hickenbottom's property was illegal because he "enjoys diplomatic immunity against criminal and civil actions … a foreclosure is a civil prosecution … [and] El-Bey is using the property that is in question as his foreign embassy … " Notice Removal 3. He asserts that this Court has original jurisdiction over

this case under the "Treaty of Peace and Friendship of 1787/1836 between the United States and Morocco" and under Article III, Section 2 of the United States Constitution as El-Bey "is a Honorary Consul for the Nation of Tamerikush … " *Id.* at 4.

While El-Bey's allegations are nonsensical and completely fail to state a cause of action, his complaint is subject to dismissal for the simple reason that he is a "three-striker" under the Prison Litigation Reform Act ("PLRA"). The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court in the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision, commonly known as the PLRA's "three strikes" rule, "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits or appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

El-Bey, formerly known as Eugene James Williams, has run afoul of the "three strikes" rule. He previously filed at least three cases or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See, e.g.*, *Williams v. Kessler*, No. 99-14077-Civ-Moore (S.D. Fla. May 28, 1999) (dismissing case for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915A); *Williams v. Lands*, No. 99-14084-Civ-Graham (S.D. Fla. Aug. 31, 2000) (dismissing case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted); *Williams v. Knowles*, No. 01-14008-Civ-Graham (S.D. Fla. Aug. 6, 2001) (dismissing case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted); *Florida v. Amunhotep El-Bey*, No. 16-60531-Civ-Bloom (Apr. 8, 2016) (dismissing case as violating the three-strikes rule pursuant to 28 U.S.C. 1915(g)).

As such, El-Bey is subject to the three-strikes bar and is barred from proceeding *in forma pauperis* in this action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008). The relevant

2

inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts that indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998).

Plaintiff's allegations do not suggest that he can satisfy the "imminent danger" exception to the three-strikes bar. Accordingly, El-Bey is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this action, and thus dismissal of the instant civil action is appropriate. Dismissal under § 1915(g) precludes a prisoner from proceeding *in forma pauperis*, but allows a prisoner to file a new complaint accompanied by full payment of the filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). However, a preliminary review of the instant complaint demonstrates that this action, as filed, would not survive screening under 28 U.S.C. § 1915(e), and would be subject to dismissal for failure to state a claim upon which relief can be granted.

It is therefore **ORDERED and ADJUDGED** that the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is **DENIED**. El-Bey's Notice of Removal to United States District Court, Southern District of Florida (ECF No. 1), which I am construing as El-Bey's Complaint, is **DISMISSED**. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 26th day of April 2016.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Amunhotep El-Bey f/k/a Eugene James Williams*, pro se